Nicole C. Hancock, OSB No. 025114
nicole.hancock@stoel.com
Stoel Rives LLP
101 S Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  (208) 389-9000
Facsimile:  (208) 389-9040

David E. Filippi, OSB No. 965095
david.filippi@stoel.com
Stoel Rives LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Brett Mersereau, OSB No. 023922
brett@brettmersereau.com
The Law Office of Brett Mersereau
851 SW Sixth Avenue, Suite 1500
Portland, OR  97204
Telephone:  (503) 673-3022
Facsimile:  (503) 218-1760

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| ELH LLC, an Oregon limited liability company; OREGON HEREFORD RANCH LLC, an Oregon limited liability company; PAUL GELISSEN; MAURICE and LUCY ZIEMER; FRANK MUELLER; CRAIG and CYNTHIA PARKS; and RICHARD and KRISTINE CARPENTER,<br><br>            Plaintiffs, | Case No.: 2:16-cv-01318-SU<br><br>**DEFENDANT'S MOTION TO DISMISS**<br><br>**Request for Oral Argument** |

Page 1   -   DEFENDANT'S MOTION TO DISMISS

v.

WESTLAND IRRIGATION DISTRICT, an
irrigation district organized under the laws
of the State of Oregon,

        Defendant.

## I.  LR 7-1 COMPLIANCE

Pursuant to Local Rule 7-1(a)(1)(A), counsel for Defendant Westland Irrigation District ("Westland") states that they conferred in good faith with counsel for Plaintiffs ELH LLC et al. ("Plaintiffs") via telephone on August 16, 2016, regarding each basis for this motion, but that the parties were unable to resolve their dispute.

## II.  MOTION

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Westland moves the Court to dismiss Plaintiffs' Complaint (Dkt. 1) in its entirety.  In support of this Motion, Westland relies upon the accompanying memorandum and the pleadings and papers on file.

## III.  SUPPORTING MEMORANDUM

Westland is an irrigation district, managed by a board of directors, responsible for the operations and management of the district water delivery system and the delivery of water to district water users.  Based on contracts entered into between Westland and district members in the late 1980s and early 1990s, Plaintiffs allege that Westland has been engaging in the unconstitutional taking of private property for public use and that Westland's management of the district has been tortious.  Because Plaintiffs have failed to exhaust their state inverse condemnation remedies, the Court does not have subject matter jurisdiction over Plaintiffs' federal takings claim.  Plaintiffs' only other federal claim, seeking declaratory relief, is without

basis in federal law and therefore confers no federal subject matter jurisdiction. With dismissal of these claims for lack of original subject matter jurisdiction, the Court cannot exercise supplemental jurisdiction over Plaintiffs' Oregon takings claim and tort claims. However, even if the Court finds subject matter jurisdiction over Plaintiffs' state law claims, Plaintiffs have failed to state a claim upon which relief can be granted because Westland is immune from the tort claims set forth in Plaintiffs' suit.

**A.      Summary of Allegations.**

Westland is an irrigation district organized under the laws of the State of Oregon, ORS Chapter 545. (Complaint ¶ 15.) Westland's governing body is a board of directors that is responsible for managing the irrigation district. ORS 545.041. The Westland Irrigation District is located in Umatilla County, Oregon, and is responsible for delivering water from McKay Reservoir and the Umatilla River to district water users. (Complaint ¶ 3, Ex. C at 1, D at 1.) Plaintiffs are all district water users who receive water delivered by Westland. (Complaint ¶ 3.) Westland is also part of the 1991 McKay and Umatilla River Water Management Plan, which provides a water management system for the Umatilla River. (Complaint, Ex. B at 4.)

Plaintiffs allege that the following conduct, undertaken in furtherance of Westland's management of the district, constitutes an unconstitutional taking and also forms the basis for Westland's negligence, tortious interference with economic relations, and breach of fiduciary duty: (1) between 1981 and 1991, Westland entered into improper water delivery contracts; (2) Westland improperly measured water usage within the district; (3) Westland failed to properly monitor water usage; and (4) Westland improperly entered into Limited Water Delivery Contracts in the late 1980s. (Complaint ¶¶ 2, 26-40.) Based on these factual allegations, Plaintiffs bring two federal claims and four state claims for relief against Westland.

**B.     Plaintiffs' First Claim for Relief (Unconstitutional Taking - 42 U.S.C. § 1983) Should Be Dismissed Because the Court Lacks Subject Matter Jurisdiction.**

Pursuant to 42 U.S.C. § 1983, Plaintiffs allege Westland committed an unconstitutional taking in violation of the Fifth Amendment of the United States Constitution. (Complaint ¶¶ 41-46.) Plaintiffs allege that since 2010, Westland's "actions have misappropriated and taken plaintiffs' rights to substantial water deliveries . . . without any compensation," causing damage in the form of reduced property value. (Complaint ¶ 46.) Plaintiffs request monetary and injunctive relief. (Complaint ¶¶ 44-45.) Because Plaintiffs have not pursued an inverse condemnation action under Oregon law in state court, Plaintiffs have not exhausted their state remedies and their claim is therefore unripe for adjudication in federal court. As such, Plaintiffs' Fifth Amendment takings claim should be dismissed for lack of subject matter jurisdiction.

**1.     Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(1).**

"Whether a claim is ripe for adjudication goes to a court's subject matter jurisdiction under the case or controversy clause of article III of the federal Constitution." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). Challenges to the court's subject matter jurisdiction are properly brought under Rule 12(b)(1). *Id*. The burden of establishing ripeness rests on the party asserting the claim. *Renne v. Geary*, 501 U.S. 312, 316 (1991). If a claim is not ripe for adjudication the federal court lacks subject matter jurisdiction and the claim must be dismissed. *City of Chico*, 880 F.2d at 204.

**2.     Plaintiffs' Fifth Amendment Takings Claim Is Not Ripe Because Plaintiffs Failed to Seek Compensation Through an Oregon Inverse Condemnation Proceeding.**

The Takings Clause of the Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. Supreme Court jurisprudence recognizes both "physical takings," when the government physically takes

Page 4   -   DEFENDANT'S MOTION TO DISMISS

possession of property, and "regulatory takings," where government regulation of private property is "so onerous" that it has the effect of direct appropriation. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005). The Takings Clause does not necessarily prohibit the taking of private property, but rather it "'places a condition on the exercise of that power' . . . [and] 'is designed not to limit the governmental interference with property rights *per se,* but rather to secure *compensation* in the event of otherwise proper interference amounting to a taking.'" *Id*. at 536-37 (citations omitted; emphasis in original).

Federal courts apply a two-prong test to determine whether a Fifth Amendment takings claim is ripe. *See Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 182 (1985) (addressing a regulatory takings claim where the plaintiff sued a state planning commission in federal court alleging that application of zoning laws amounted to an unconstitutional taking under the Fifth Amendment). First, under the "finality" requirement, the plaintiff must show that "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Id*. at 186; *see Kurtz v. Verizon N.Y., Inc.*, 758 F.3d 506, 511-12 (2d Cir. 2014). Second, the "exhaustion" requirement mandates that the plaintiff must "seek compensation through the procedures the State has provided for doing so" before turning to the federal courts. *Williamson Cty.*, 473 U.S. at 194; *see Verizon*, 758 F.3d at 511-12.

While *Williamson County* arose in the context of a regulatory taking, the Ninth Circuit and, more recently, the Second Circuit have explained that the two-part standing test of *Williamson County* is also applicable to physical takings claims. *See Verizon*, 758 F.3d at 512; *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1402 (9th Cir. 1989), *overruled on other grounds by Armendariz v. Penman*, 75 F.3d 1311, 1326 (1996). In physical

Page 5   -   DEFENDANT'S MOTION TO DISMISS

takings claims, *Williamson County*'s finality requirement is automatically satisfied because a physical taking is, by definition, final. *City of Simi Valley*, 75 F.3d at 1402; *Verizon*, 758 F.3d at 513 ("[A] physical taking in itself satisfies the need to show finality."). However, a physical taking by itself does not satisfy the exhaustion requirement. *City of Simi Valley*, 75 F.3d at 1402; *Verizon*, 758 F.3d at 513. Thus, "[e]ven in physical taking cases, compensation must first be sought from the state if adequate procedures are available." *City of Simi Valley*, 75 F.3d at 1402.

Here, regardless of whether Plaintiffs' takings claim is alleging a regulatory taking or a physical taking, Plaintiffs cannot satisfy the exhaustion prong of *Williamson County*. Again, "[t]he Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Williamson Cty.*, 473 U.S. at 194. "Nor does the Fifth Amendment require that just compensation be paid in advance of, or contemporaneously with, the taking; all that is required is that a reasonable, certain and adequate provision for obtaining compensation exist at the time of the taking." *Id*. (internal quotation marks and citation omitted).

Therefore, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the [federal] Just Compensation Clause until it has used the procedure and been denied just compensation." *Id.* at 195. This is because the "Constitution is satisfied by the provision of meaningful postdeprivation process." *Id*.

In *Williamson County*, the plaintiff's claim was unripe because the plaintiff failed to use the state's inverse condemnation action, and therefore failed to exhaust its remedies. *Id*. at 196-97. Likewise in *Verizon*, property owners filed a complaint against Verizon in federal court. 758 F.3d at 509. The property owners alleged that Verizon installed cable boxes on their property without just compensation—a physical taking in violation of the Fifth Amendment. *Id.* The district court dismissed the complaint because the claims were unripe under the second

Page 6  -   DEFENDANT'S MOTION TO DISMISS

prong of *Williamson County*. *Id.* On appeal, the property owners argued that *Williamson County* was inapplicable to their physical takings claims. *Id.* The Second Circuit disagreed after concluding that New York state has an adequate provision for obtaining compensation through pursuit of an inverse condemnation proceeding. *Id.* at 514. "Until such litigation has run its course, the plaintiffs have no ripe takings claim for adjudication in federal courts." *Id*. The same result was reached in *City of Simi Valley*, where the Ninth Circuit held that the plaintiffs' physical takings claim was unripe because they failed to pursue compensation under California's inverse condemnation proceedings. 882 F.2d at 1402-03.

Oregon provides inverse condemnation proceedings to secure just compensation following a governmental taking of property. It is well established that in Oregon, when the government exercises its power of eminent domain, "the property owner can bring an inverse condemnation action to obtain the just compensation" Oregon guarantees. *Dunn v. City of Milwaukie*, 355 Or. 339, 347, 328 P.3d 1261, 1266 (2014). Oregon courts, as well as the legislature, recognize this cause of action as the means to recover compensation for property taken for a public purpose. *See Tomasek v. State*, 196 Or. 120, 143, 248 P.2d 703, 713 (1952) (the constitutional right "given the owner of property by art. 1, § 18, Oregon Const.," is self-executing, and "for its violation, the injured person may have his remedy in a common-law action in the absence of statutory provision therefor"); ORS 20.085 (recognizing proceedings brought under section 18, article 1 of the Oregon Constitution as inverse condemnation proceedings).

Plaintiffs have no claim under the Fifth Amendment until they have used the procedure provided in Oregon to obtain just compensation for the alleged taking and have been denied just compensation under such procedure. Here, Plaintiffs have not brought an Oregon state court

Page 7   -   DEFENDANT'S MOTION TO DISMISS

inverse condemnation action against Westland. As in *City of Simi Valley* and *Verizon*, because Plaintiffs have not utilized the procedures Oregon provides for obtaining just compensation, Plaintiffs cannot overcome the exhaustion requirement. As a result, the Court lacks subject matter jurisdiction over Plaintiffs' federal takings claim and this claim should be dismissed.

### 3. Should Plaintiffs' Federal Takings Claim Be Dismissed, the Court Should Not Exercise Its Jurisdiction Over Plaintiffs' Remaining Claims for Relief.

Plaintiffs assert that the Court has jurisdiction over their claim for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and supplemental jurisdiction over its state law claims. (Complaint ¶¶ 5-6.) However, the Declaratory Judgment Act does not confer federal jurisdiction and upon dismissal of Plaintiffs' federal takings claim, Plaintiffs' complaint contains no cause of action arising under federal law. As such, the Court should not exercise supplemental jurisdiction over Plaintiffs' state law claims. Unless and until Plaintiffs have been denied just compensation under Oregon's inverse condemnation proceedings, this is a dispute arising under state law and should not be adjudicated in federal court.

#### a. Plaintiffs' Third Claim for Relief (Declaratory Judgment) Does Not Confer Federal Jurisdiction.

Plaintiffs bring a claim of declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). (Complaint ¶¶ 53-54.) Plaintiffs seek a declaration that Westland is prohibited from managing the district in ways that violate Oregon water law. (Complaint ¶ 54.) Because the Declaratory Judgment Act does not confer federal jurisdiction, Plaintiffs fail to state a claim arising under federal law and this Court lacks subject matter jurisdiction to consider the claim.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The presumption is that a cause of action lies outside of a

87030952.10 0021570-00008

federal court's limited jurisdiction and the party asserting federal jurisdiction bears the burden of establishing the contrary. *Id*.

The Declaratory Judgment Act, 28 U.S.C. § 2201, is not a jurisdictional statute and does not confer "arising under" jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950); *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983). Because the Declaratory Judgment Act does not by itself confer federal subject matter jurisdiction, "there must be an affirmative claim arising under federal law in order to vest the district court with jurisdiction." *California ex rel. Dep't of Water Res. v. Oroville-Wyandotte Irrigation Dist.*, 409 F.2d 532, 535 (9th Cir. 1969); *Janakes v. U.S. Postal Serv.*, 768 F.2d 1091, 1093 (9th Cir. 1985) (the action for declaratory relief must arise under federal law). Thus, the Declaratory Judgment Act allows suits for declaratory judgment in cases where federal jurisdiction would exist if a true federal takings suit were brought. *See Skelly Oil*, 339 U.S. at 672; *see United Artists Theatre Circuit, Inc. v. FCC*, 147 F. Supp. 2d 965, 970 (D. Ariz. 2000) ("To establish jurisdiction, federal declaratory judgment actions must satisfy the well-pleaded complaint rule, which screens complaints that anticipate defenses based on federal law.").

Here, any claim arising out of, or in defense of, Plaintiffs' claim for declaratory judgment would be a state law claim. In essence, Plaintiffs seek a declaration that Westland must manage the district in accordance with Oregon water law. (Complaint ¶ 54.) Plaintiffs do not allege any dispute that requires the application of federal law. Thus, federal jurisdiction would not, and does not, exist to adjudicate the rights at issue in Plaintiffs' declaratory judgment claim.

Further, even to the extent Plaintiffs attempt to assert a declaratory judgment related to a federal takings claim, as detailed above, their claim is not ripe. The ripeness doctrine applies to declaratory judgment actions. *See United States v. Braren*, 338 F.3d 971, 975 (9th Cir. 2003).

Page 9 -   DEFENDANT'S MOTION TO DISMISS

"In the context of a declaratory judgment suit, the inquiry 'depends upon whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Mont. Envtl. Info. Ctr. v. Stone-Manning*, 766 F.3d 1184, 1188 (9th Cir. 2014) (quoting *Braren*, 338 F.3d at 975). In *Stone-Manning*, the court considered whether a declaratory judgment challenge of the *potential* approval of a mining permit was ripe for judicial review. *Id*. at 1186. The court affirmed dismissal for lack of subject matter jurisdiction because the supposed injury may never materialize: the mining permit may never have actually been granted. *Id*. at 1190; *see also Braren*, 338 F.3d at 975 (in considering prudential ripeness concerns the court concluded that agency action must be final before declaratory judgment on that agency action is ripe).

   The only federal claim that could be asserted based on Plaintiffs' request for declaratory relief is a federal takings claim. As discussed above, Plaintiffs cannot assert a federal constitutional right until Oregon has denied them just compensation under an Oregon inverse condemnation claim. *See* § III.B, *supra*. Thus, even if Plaintiffs are attempting to assert a claim that Westland's conduct violates federal takings law, this supposed federal injury may never materialize. Upon an inverse condemnation claim in Oregon, it is possible that Plaintiffs could be provided just compensation for their asserted taking. *Id*. Until this compensation is denied, there is no true controversy involving federal law that warrants the issuance of declaratory judgment. Surely the inverse condemnation proceedings that Oregon has put in place should be given the opportunity to prevent and resolve any alleged taking before being preempted by a federal determination.

For these reasons, Plaintiffs' claim for declaratory relief does not provide federal subject matter jurisdiction and the Court does not have the jurisdiction to consider this claim for relief. Plaintiffs' Third Claim for Relief should be dismissed.

### b.  Without Subject Matter Jurisdiction Over Plaintiffs' Federal Claims, the Court Cannot Exercise Supplemental Jurisdiction.

Plaintiffs' remaining claims all arise under the laws and Constitution of Oregon. (Complaint ¶¶ 47-52, 55-65.)  Plaintiffs allege an unconstitutional taking under the Oregon Constitution, tortious interference with economic relations, negligence, and breach of fiduciary duty under Oregon common law.  (*Id.*)  Plaintiffs assert the Court has supplemental, or pendent, jurisdiction over these claims under 28 U.S.C. § 1367(a).  However, because 28 U.S.C. § 1367(a) only provides supplemental jurisdiction if the Court has original jurisdiction, without a claim arising under federal law the Court lacks the discretion to exercise supplemental jurisdiction over the remaining state law claims.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  Section 1367's "plain language makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it." *Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).  "[I]f the federal claim [is] dismissed for lack of subject matter jurisdiction, a district court has no discretion to retain the supplemental claims for adjudication.  The dismissal means that there never was a valid claim within the court's original jurisdiction to which the state claims may be supplemental." *Id*. (citation omitted; alterations in

Page 11 -   DEFENDANT'S MOTION TO DISMISS

original). Thus, when federal claims are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), supplemental jurisdiction cannot exist. *Id*.

In *Herman*, the trial court concluded that maritime and admiralty jurisdiction did not apply under 28 U.S.C. § 1333, but nonetheless adjudicated a state law claim pursuant to its asserted supplemental jurisdiction. *Id*. at 804. On appeal, the Ninth Circuit concluded, *sua sponte*, that the trial court's conclusion that it did not have federal jurisdiction mandated that the trial court's decision be vacated as to all claims and that the matter be dismissed. *Id*. at 807; *see, e.g., Cent. Delta Water Agency v. U.S. Fish & Wildlife Serv.*, 653 F. Supp. 2d 1066, 1094 (E.D. Cal. 2009) (dismissal of federal claims under Rule 12(b)(1) on ripeness grounds dictates that supplemental jurisdiction may not be exercised). Because the trial court did not have original federal jurisdiction over the federal claims asserted, it simply did not have the jurisdiction to resolve the state law claims. *Herman*, 254 F.3d at 807.

Here, upon dismissal of Plaintiffs' federal claims pursuant to Rule 12(b)(1), the Court will have no discretion to exercise supplemental jurisdiction and must dismiss all of Plaintiffs' state law claims. As discussed above, Plaintiffs do not have a valid federal claim: the federal takings claim is not ripe and the declaratory judgment claim has no basis in federal law. Because dismissal of these federal claims is appropriate under Rule 12(b)(1), the Court must dismiss all of Plaintiffs' state law claims.[1] Plaintiffs' complaint should be dismissed in its entirety.

---

[1] Even if the Court concludes that Plaintiffs have established original federal jurisdiction, under 28 U.S.C. § 1367(c) and the "values 'of economy, convenience, fairness, and comity,'" the state claims should be dismissed within the Court's discretionary authority. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (citation omitted); *see Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Here, upon dismissal of the federal claims, it is no longer logical for the remaining state law claims to be litigated in federal court. Further, the majority of issues raised are those of Oregon law and seek relief from an Oregon municipal corporation. Finally, it is no more convenient or economical for the state law claims to be litigated in federal court. Due to the early stage of this litigation, and the fact that Plaintiffs' state law claims truly predominate

Page 12 -   DEFENDANT'S MOTION TO DISMISS

C.  **Plaintiffs' Fourth, Fifth, and Sixth Claims for Relief Should Be Dismissed for Plaintiffs' Failure to State a Claim Against Which Relief Can Be Granted.**

1.  **Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(6).**

Where the plaintiff "fail[s] to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A claim is facially plausible when it contains factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct, *id*. at 556, a standard that requires "more than a sheer possibility that a defendant has acted unlawfully," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief," and dismissal is appropriate. *Id.* (internal quotation marks and citation omitted). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Id.* Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Bacca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

---

over the federal claims, as well as the fact that these issues involve Oregon common law as it intersects with an allegation of a takings claim, the Court should decline to extend supplemental jurisdiction.

Page 13 -   DEFENDANT'S MOTION TO DISMISS

### 2. Westland Is Immune from Plaintiffs' Fourth, Fifth, and Sixth Claims for Relief as These Claims Are Based on Westland's Discretionary Functions Under the Oregon Tort Claims Act.

Westland, as an irrigation district, is a public, municipal corporation. *See Twohy Bros. Co. v. Ochoco Irrigation Dist.*, 108 Or. 1, 41-42, 216 P. 189, 190 (1923). Westland is thus a "public body" subject to the Oregon Tort Claims Act ("OTCA"), which generally makes public bodies subject to tort liability. ORS 30.260(4); *Miller v. Grants Pass Irrigation Dist.*, 297 Or. 312, 318, 686 P.2d 324, 329 (1984). Pursuant to the OTCA, "every public body is subject to civil action for its torts and those of its officers, employees and agents when acting within the scope of their employment or duties . . . ." ORS 30.265(1).

This waiver of sovereign immunity is limited and subject to exceptions. Importantly, every public body is immune from liability for "[a]ny claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused." ORS 30.265(6)(c). While "discretionary function or duty" is not defined by statute, Oregon case law interprets ORS 30.265(6)(c) to mean that the decisions of a public body are "entitled to discretionary immunity if a governmental person or entity made a policy choice among alternatives, with the authority to make that choice." *Westfall v. State ex rel. Dep't of Corr.*, 355 Or. 144, 157, 324 P.3d 440, 447 (2014). Thus, to be immune, the act must be the result of a choice, the choice must involve public policy as opposed to "routine day-to-day activities," and the public policy choice must be exercised by the public body or person that has both the authority and responsibility to make that choice. *Murrell v. Union Pac. R.R. Co.*, 544 F. Supp. 2d 1138, 1157 (D. Or. 2008) (quoting *Ramirez v. Haw. T & S Enter., Inc.*, 179 Or. App. 416, 419, 39 P.3d 931, 932 (2001)).

Unlike routine day-to-day decision making, discretionary policy choices involve "room for policy judgment" for "determining how or whether the act shall be done or the course pursued." *Mosley v. Portland Sch. Dist. No. 1J*, 315 Or. 85, 90, 843 P.2d 415, 418 (1992) (internal quotation marks and citations omitted). Choices among competing priorities or goals, when the decision maker has the responsibility to make such decisions, are the types of policy choices protected. *Id*. In making those decisions, a public body that owes a certain duty of care is given "wide policy discretion in choosing the means by which to carry out that duty," and these decisions are immune from tort liability. *Id*. at 92, 843 P.2d at 419.

In *Mosley*, the plaintiffs alleged that the school district was liable for a student's injuries because the district was negligent in failing to properly supervise students. *Id*. at 87, 843 P.2d at 416. The Oregon Supreme Court determined that the school district was immune. *Id*. at 92-93, 843 P.2d at 419-20. According to the Court, the allegation that the school district failed to properly supervise students "concerns what is, on the face of it, a matter of discretion, *i.e.*, the location of security personnel to supervise the general student body at the school at any particular time." *Id*. at 92, 843 P.2d at 419. Likewise, when a public body is given authority to allocate resources in order fulfill its responsibility of maintaining infrastructure, the decision to divert resources from one task to another is protected by discretionary immunity. *Ramirez*, 179 Or. App. at 421-22, 39 P.3d at 933-34. "Based on case law, the main, operative distinction between immune and non-immune actions rests in choosing a course of action or inaction, on one hand, and putting that choice into effect, on the other hand." *Union Pac.*, 544 F. Supp. 2d at 1158.

Here, Plaintiffs contend Westland, through the decisions of its board of directors, was negligent in its management of the irrigation district through its entry into flood water and water

Page 15 -   DEFENDANT'S MOTION TO DISMISS

delivery contracts, its application of the 1991 McKay and Umatilla River Management Plan, and its decisions as to how to manage usage and flow levels. On the face of the complaint, the nature of the function of these actions alone is sufficient to establish these were discretionary functions.

As provided by Oregon statutes, the Westland board of directors has the authority and responsibility to take all actions, and make all decisions, at issue in this case. Irrigation districts are governed by an elected board of directors. ORS 545.041, 545.135. The board of directors has the power and duty to "[m]anage and conduct the business and affairs of the district." ORS 545.221(1)(a). This statutory authority includes the power to "[m]ake and execute all necessary contracts" and "perform all acts necessary to fully carry out the purpose of the Irrigation District Law," which is to provide for the irrigation of land through the operation of irrigation works. ORS 545.221(1), 545.025. This includes the right and power to manage water and water rights. *Fort Vannoy Irrigation Dist. v. Water Res. Comm'n*, 345 Or. 56, 86, 188 P.3d 277, 295 (2008) (citing ORS 545.253).

Moreover, the relationship between the irrigation district and its constituent landowners, as to the water rights that are appurtenant to the landowners' land, is that of trustee and beneficiary. *Id.* The district has the duty to manage the water and water rights for the sake of all the constituent landowners. *Id.* To that end, the Westland board of directors is explicitly given authority to establish its own "rules and regulations for the administration of the district and for the distribution and use of water among the landowners." ORS 545.221(1)(c).

All of Plaintiffs' tort allegations stem from choices that, by their very nature, involve public policy decisions that the Westland board of directors is expected to make in the management of the district. The board of directors' decision to enter into flood water and limited delivery contracts, and the terms of those contracts, involve choices about how to best manage

Page 16 -   DEFENDANT'S MOTION TO DISMISS


the resources of the irrigation district. Just as in *Ramirez*, the board of directors is given this authority and must exercise its judgment within its discretion in managing the district. Management of the irrigation district has been explicitly delegated to the board of directors. Indeed, there is no other public body that has the authority to make the policy decisions discussed in this case. These actions involve choosing a course of action, not putting that choice into effect.

Because Westland is immune from tort liability, no matter precisely how these decisions were made, Plaintiffs' Fourth, Fifth, and Sixth claims fail to state a claim upon which relief can be granted and should be dismissed.

**D.     Conclusion**

Plaintiffs' federal takings claim is not ripe for review and the Court does not have jurisdiction to consider this claim. With no other claims arising under federal law, Plaintiffs' claims should all be dismissed for lack of subject matter jurisdiction. Even if the Court retains jurisdiction, Westland is immune from Plaintiffs' common law tort claims. As such, Plaintiffs' tort claims fail to state a claim upon which relief can be granted and should be dismissed. For the foregoing reasons, Westland requests that the Court dismiss Plaintiffs' Complaint in its entirety.

### IV.  CERTIFICATE OF COMPLIANCE

This brief complies with the applicable page and word-count limitation under LR 7-2(b) because it does not exceed 35 pages and it contains 4,919 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED: August 19, 2016.

    STOEL RIVES LLP

    /s/ Nicole C. Hancock
    NICOLE C. HANCOCK
    OSB No. 025114
    Telephone: (208) 389-9000


    The Law Offices of Brett Mersereau


    /s/ Brett Mersereau
    BRETT MERSEREAU
    OSB No. 023922
    Telephone: (503) 673-3022

    Attorneys for Defendant

Page 18 - DEFENDANT'S MOTION TO DISMISS

87030952.10 0021570-00008

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2016, I served a copy of the foregoing **DEFENDANT'S MOTION TO DISMISS** on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing as follows:

>Michael E. Haglund – haglund@hk-lwa.com
>
>Julie A. Weis – jweis@hk-law.com
>
>Eric J. Brickenstein – ebrickenstein@hk-law.com
>
>Janet E. Neuman – janet.neuman@tonkin.com
>
>Attorneys for Plaintiffs

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants on the attached list via first class mail with postage prepaid:

>Janet E Neuman
>Tonkon Torp LLP
>888 SW 5th Ave Ste 1600
>Portland OR  97204

      /s/ Nicole C. Hancock
Nicole C. Hancock
David E. Filippi

Page 19 -   DEFENDANT'S MOTION TO DISMISS