Nicole C. Hancock, OSB No. 025114
nicole.hancock@stoel.com
STOEL RIVES LLP
101 S Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  (208) 389-9000
Facsimile:  (208) 389-9040

David E. Filippi, OSB No. 965095
david.filippi@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Brett Mersereau, OSB No. 023922
brett@brettmersereau.com
The Law Office of Brett Mersereau
851 SW Sixth Avenue, Suite 1500
Portland, OR  97204
Telephone:  (503) 673-3022
Facsimile:  (503) 218-1760

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| ELH LLC, an Oregon limited liability company; OREGON HEREFORD RANCH LLC, an Oregon limited liability company; PAUL GELISSEN; MAURICE and LUCY ZIEMER; FRANK MUELLER; CRAIG and CYNTHIA PARKS and RICHARD and KRISTINE CARPENTER,<br><br>　　　　　　Plaintiffs, | Case No.: 2:16-cv-01318-SU<br><br>**DEFENDANT'S MOTION AND MEMORANDUM TO STAY DISCOVERY**<br><br>**REQUEST FOR ORAL ARGUMENT** |

Page 1  -  DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STAY
　　　　　　DISCOVERY

87692928.2 0021570-00008

v.

WESTLAND IRRIGATION DISTRICT, an
irrigation district organized under the laws
of the State of Oregon,

        Defendant.

## LR 7-1 CERTIFICATION

Pursuant to LR 7-1(a)(1)(A) and Fed. R. of Civ. P. 26(c)(1), counsel for Defendant Westland Irrigation District ("Westland") states that they conferred in good faith with counsel for Plaintiffs ELH LLC et al. ("Plaintiffs") via telephone on August 16, 2016, regarding each basis for this motion, but that the parties were unable to resolve their dispute.

## MOTION

Pursuant to Fed. R. Civ. P. 26(c), Westland moves for a stay of all discovery providing that Westland need not respond to Plaintiffs' discovery requests, including Plaintiffs' First Request for Production of Documents, served on August 15, 2016, until the Court rules on Westland's pending Motion to Dismiss (Dkt. 9). In support of this Motion, Westland relies upon the accompanying memorandum, the Declaration of Nicole Hancock ("Hancock Decl.") filed herewith, and the pleadings and papers on file.

## MEMORANDUM IN SUPPORT

**A.**    **Procedural And Factual Summary.**

Westland is an irrigation district, and therefore an Oregon municipal corporation, responsible for the operations and management of the district's water delivery system and the delivery of water to district water users. (Complaint ¶¶ 3, 15, Ex. C at 1, D at 1.) Plaintiffs filed their Complaint (Dkt. 1) against Westland on June 28, 2016. Plaintiffs allege that Westland has

Page 2 -   DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STAY
              DISCOVERY

been engaging in the unconstitutional taking of private property for public use and that Westland's management of the district has been tortious. (Complaint ¶¶ 41-65.)

Westland moved to dismiss Plaintiffs' Complaint in its entirety based on lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. (Mot. to Dismiss at 2.) Westland has asserted that Plaintiffs have failed to exhaust their state remedies, and therefore the Court does not have subject matter jurisdiction over Plaintiffs' federal takings claim. (*Id.* at 4-8.) Plaintiffs' only other federal claim, seeking declaratory relief, is without basis in federal law and therefore confers no federal subject matter jurisdiction. (*Id.* at 8-11.) With dismissal of the federal claims, the Court cannot exercise supplemental jurisdiction over Plaintiffs' Oregon takings claim and tort claims. (*Id.* at 11-12.) However, even if the Court finds it has subject matter jurisdiction over Plaintiffs' state law claims, Plaintiffs have failed to state a claim upon which relief can be granted because Westland is immune from liability. (*Id.* at 13-17.)

On August 15, 2016, Plaintiffs served Plaintiffs' First Request for Production of Documents on Westland. (Hancock Decl. Ex. A.) Plaintiffs seek documents relating to Westland's management of the irrigation district from January 1, 1975, to present. (Hancock Decl. Ex. A at 3-6.) The discovery would require Westland Irrigation District to incur thousands of dollars in costs and expenses, and spend hundreds of hours to collect and process all of the documents responsive to the incredibly broad discovery requests. Due to the pending Motion to Dismiss on jurisdictional and immunity grounds, discovery in this matter should be stayed pending the Court's ruling.

**B.      A Stay Of Discovery Is Proper While Defendant's Motion To Dismiss Is Pending.**

The Federal Rules of Civil Procedure "secure the just, speedy, and inexpensive determination" of cases.  Fed. R. Civ. P. 1.  Rule 1 guides the Court's broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In pending matters, the Court may make any order which justice requires to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). This power includes a stay of discovery when a potentially dispositive motion is pending. *See Voth v. Premo*, No. 6:14-CV-00128-KI, 2014 WL 1767095, at *2 (D. Or. May 5, 2014) (granting motion to stay discovery pending decision on dispositive motion); *Brown v. Or. Dep't of Corr.*, No. 10-03-BR, 2011 WL 134941, at *1 (D. Or. Jan. 11, 2011) (district court enjoys "wide discretion" in controlling the scope and extent of discovery, including the discretion to stay discovery pending determination on summary judgment).

Exercise of this discretion is particularly appropriate when the requested discovery would not affect the pending dispositive motion. *Carroll v. United States*, 116 F.3d 1485 (table), 1997 WL 341868, at *1 (9th Cir. 1997) (unpublished opinion) (stay of discovery pending resolution of issue appropriate where discovery would not affect the court's decision on that issue); *see also City of Seattle*, 863 F.2d at 685 (no abuse of discretion in staying discovery when discovery would not affect pending decision). A stay is especially proper when issues of immunity are raised. *See City of Seattle*, 863 F.2d at 685 (it is not an abuse of that discretion to stay discovery until the question of a defendant's immunity can be resolved on summary judgment); *see Twin City Fire Ins. Co. v. Emp'rs Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) (A pending motion to dismiss is not necessarily "a situation that in and of itself would warrant a stay of

discovery. Common examples of such situations, however, occur when jurisdiction, venue, or immunity are preliminary issues.").

Here, Westland's pending motion is a Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6). (Mot. to Dismiss at 4-17.) This is a dispositive motion that could lead to dismissal of this entire case on the pleadings and could negate the ultimate need to conduct discovery in federal court. One issue is the Court's subject matter jurisdiction over Plaintiffs' claims; the other is Westland's discretionary immunity pursuant to the Oregon Tort Claims Act, ORS 30.265(6)(c). (*Id*. at 13-17.) Plaintiffs seek discovery on issues directly related to Westland's management of the irrigation district, conduct that Westland asserts falls within the immunity provided for public entities making discretionary policy decisions. (*Id*. at 4-17; Hancock Decl. Ex. A at 3-6.) Even if there are claims that could be refiled in State court, it will likely alter the scope and substance of the discovery. Due to the nature of the pending Motion to Dismiss, this is a situation warranting a stay of discovery.

Further, the stay of the requested discovery will also not affect the decision on the Motion to Dismiss because Westland moves to dismiss based on the face of the Complaint. No discovery is required to enable a decision on the pending motion or for Plaintiffs to oppose Westland's motion. In the event the Court grants the Motion to Dismiss, both parties will save resources in not needing to respond and manage premature and unnecessary discovery requests. If the Motion to Dismiss is denied, Plaintiffs will have suffered no prejudice and will have a full and fair opportunity to engage in discovery. Because staying discovery will further the goal of efficiency for the Court and keep with the goal of securing an inexpensive determination of the case, a stay is proper.

**C.     Conclusion.**

For the reasons set forth above, Defendant respectfully requests that the Court stay all discovery pending the Court's ruling on Defendant's Motion to Dismiss.

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable page and word-count limitation under LR 26-3(b) and LR 7-2(b), because it does not exceed 10 pages and it contains 1,140 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED:  August 19, 2016.

STOEL RIVES LLP

 /s/ Nicole C. Hancock
NICOLE C. HANCOCK
OSB No. 025114
Telephone:  (208) 389-9000

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2016, I served a copy of the foregoing **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY** on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing as follows:

    Michael E. Haglund – haglund@hk-lwa.com

    Julie A. Weis – jweis@hk-law.com

    Eric J. Brickenstein – ebrickenstein@hk-law.com

    Janet E. Neuman – janet.neuman@tonkin.com

    Attorneys for Plaintiffs

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants on the attached list via first class mail with postage prepaid:

    Janet E Neuman
    Tonkon Torp LLP
    888 SW 5th Ave Ste 1600
    Portland OR  97204

    /s/ Nicole C. Hancock
    Nicole C. Hancock
    David E. Filippi