# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ELH LLC**, an Oregon limited liability company; **OREGON HEREFORD RANCH LLC,** an Oregon limited liability company; **PAUL GELISSEN**; **MAURICE** and **LUCY ZIEMER**; **FRANK MUELLER**; **CRAIG** and **CYNTHIA PARKS** and **RICHARD** and **KRISTINE CARPENTER**, | Case No. 2:16-cv-1318-SI<br><br>**OPINION AND ORDER** |

                    Plaintiffs,

        v.

**WESTLAND IRRIGATION DISTRICT**, an
irrigation district organized under the laws of
the State of Oregon,

                    Defendant.

Michael E. Haglund, Julie A. Weis, and Eric J. Brickenstein, Haglund Kelley LLP, 200 SW Market Street, Suite 1777, Portland, OR 97201. Of Attorneys for Plaintiffs.

Nicole C. Hancock, Stoel Rives LLP, 101 S Capitol Boulevard, Suite 1900, Boise, ID 83702; David E. Filippi, Stoel Rives LLP, 760 SW Ninth Avenue, Suite 3000, Portland, OR 97205; Brett Mersereau, The Law Office of Brett Mersereau, 851 SW Sixth Avenue, Suite 1500, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

        Plaintiffs ELH LLC, Oregon Hereford Ranch LLC, Paul Gelissen, Maurice and Lucy

Ziemer, Frank Mueller, Craig and Cynthia Parks, and Richard and Kristine Carpenter

PAGE 1 – OPINION AND ORDER

(collectively, "Plaintiffs") bring this lawsuit against Westland Irrigation District ("Westland").

Plaintiffs, who hold water rights from the Umatilla River and McKay Reservoir, allege that

Westland has illegally redistributed water to Plaintiffs' detriment and to the benefit of junior

rights holders. Plaintiffs seek relief pursuant to the Takings Clause of the Fifth Amendment, as

well as its analog in the Oregon State Constitution, the federal Declaratory Judgment Act, and

several common law tort theories. Before the Court are three motions:  Westland's Motion to

Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Westland's Motion

to Stay Discovery, and Plaintiffs' Motion for Leave to File a First Amended Complaint. For the

reasons below, Westland's Motion to Dismiss (ECF 9) is granted, Plaintiffs' Motion for Leave to

File First Amended Complaint (ECF 13) is denied as futile, and Westland's Motion to Stay

Discovery (ECF 10) is denied as moot.

## STANDARDS

### A.  Motion to Dismiss

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, --- U.S. ---, 133 S. Ct.

1059, 1064 (2013) (citation omitted). As such, a court is to presume "that a cause lies outside this

limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting

jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations

omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for

Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A motion to dismiss under Federal

Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a

court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S.

625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be

raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546

U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**B.  Motion to Amend**

Federal Rule of Civil Procedure 15(a)(2) provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply the Rule's "policy of favoring amendments . . . with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quotation marks omitted). The purpose of the rule "is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)). A district court, however, may deny a motion to amend due to, among other reasons, the futility of the proposed amendment. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (citation omitted).

## BACKGROUND

Westland is an irrigation district organized under the laws of the State of Oregon and governed by a board of directors. It is responsible for delivering water from McKay Reservoir and the Umatilla River to district water users. Plaintiffs raise cattle and grow a variety of crops on farmland located within the Westland district. Plaintiffs hold water rights for the Umatilla River and McKay Reservoir with priority dates extending as far back as 1903.

Plaintiffs allege that Westland's water delivery practices favors junior rights holders, in violation of Oregon's prior appropriation system that requires delivery of water on a "first in time, first in right" basis. Specifically, Plaintiffs contend Westland has allowed illegal over-pumping by junior rights holders, failed to monitor and properly measure water usage, failed to enforce priority dates and allowed junior users to use appropriated water on acreage not certified to receive the water, and entered into improper "limited water" delivery contracts. Plaintiffs also allege that Westland operates in a non-transparent fashion and improperly withholds public information. Plaintiffs seek monetary, declaratory, and injunctive relief, alleging that Westland's

actions constitute a taking without just compensation in violation of the Fifth Amendment to the United States Constitution and Article I, § 18 of the Oregon Constitution. Plaintiffs further contend that Westland's actions constitute tortious interference with economic relations, negligence, and breach of fiduciary duty under Oregon common law.

**DISCUSSION**

**A.  Westland's Motion to Dismiss**

Westland moves to dismiss for lack of subject matter jurisdiction Plaintiffs' Fifth Amendment claim, urging that the claim is not yet ripe. In addition, without original subject matter jurisdiction, Westland contends, the Court has no supplemental jurisdiction over any of Plaintiffs' remaining state law claims.

**1.  Plaintiff's Fifth Amendment Takings Claim**

For a federal takings claim to be ripe, Westland argues, the government entity must have "reached a final decision regarding the application of the regulations to the property at issue" and the plaintiff must first have sought "compensation through the procedures the State has provided for doing so." *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 186, 194 (1985). Both requirements are "independent prudential hurdles" to a federal takings claim "brought against a state entity in federal court." *Suitum v. Tahoe Reg'l Planning Agency,* 520 U.S. 725, 733-34 (1997). Westland bases its motion on the second prong, arguing that because Plaintiffs did not sought relief in state court under Oregon's inverse condemnation procedures before commencing their federal lawsuit, Plaintiffs have not exhausted their state remedies and cannot yet seek relief in federal court.

Although Westland seeks to dismiss Plaintiffs' Fifth Amendment takings claim under a theory of lack of subject matter jurisdiction, what Westland describes is the doctrine of prudential ripeness. The "ripeness doctrine is drawn both from Article III limitations on judicial

power and from prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Soc. Servs., Inc.,* 509 U.S. 43, 57 n.18 (1993). There is no dispute that Plaintiffs' claims present a "case or controversy" for purposes of Article III. Instead, Plaintiffs' failure to comply with the exhaustion (or, state litigation) prong is not a jurisdictional flaw; instead, it is a waivable prudential consideration. *See Stop the Beach Renourishment, Inc. v. Fla. Dep't of Envtl.Prot.*, 560 U.S. 702, 729 (2010) (commenting that a failure to seek just compensation is not "jurisdictional" and can be waived); *Horne v. Dep't of Agric.*, 133 S. Ct. 2053, 2062 (2013) (remarking "we have recognized that [prudential ripeness] is not, strictly speaking, jurisdictional").

Plaintiffs argue that the Court has broad discretion to waive the prudential requirements of *Williamson County* and should exercise its discretion not to dismiss this case. Although more limited than Plaintiffs suggest, the Court has identified four categories of cases in which a federal court may relieve a party of its obligation first to seek a remedy through the state's inverse condemnation process. None of these exceptions, however, apply here.

First, when the state does not provide adequate remedies for obtaining compensation, the federal court may retain and decide a Fifth Amendment takings claim. *Suitum*, 520 U.S. at 734 n.8; *Carson Harbor Vill., Ltd. v. City of Carson,* 353 F.3d 824, 827 (9th Cir. 2004) ("A plaintiff may be excused from exhausting state remedies if the plaintiff demonstrates that the remedies are unavailable or inadequate.") (quotation marks omitted). Second, if a defendant fails timely to raise the defense of failure to exhaust state remedies, the court may deem that defense waived. *Stop the Beach Renourishment*, 560 U.S. at 729 (deeming ripeness argument waived because it was not raised in opposition briefs). Third, when a federal court may reject the merits of a Fifth Amendment takings claim for the sake of efficiency and need not require prior exhaustion in

state court. *Guggenheim v. City of Goleta,* 638 F.3d 1111, 1118 (9th Cir. 2010) (en banc) (noting that "it would be a waste of the parties' and the courts' resources to bounce the case through more rounds of litigation"); *MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1130 (9th Cir. 2013) (declining to decide ripeness because the court rejected the takings claim on the merits in reliance on *Guggenheim*). Finally, when a defendant removes an action from state court, the federal court may conclude that the defendant has waived the *Williamson County* requirement of prior state-litigation. *Sansotta v. Town of Nags Head*, 724 F.3d 533, 544-45 (4th Cir. 2013).

Because none of these four exceptions to the *Williamson* exhaustion requirement apply to Plaintiffs' taking claim, Plaintiffs propose what they called at oral argument a *sui generis* exception, which Plaintiffs argue is grounded in "efficiency" and permits the evaluation of the merits of a the takings claim. The Court declines to adopt a new exception that really amounts to an *ad hoc* and unrestrained merits analysis of the asserted property right and the lawfulness of the alleged taking. Such an exception would swallow the rule and undermine the predictability and consistent application of principles of justiciability in federal court. Because Plaintiffs did not first seek redress in state court before filing their federal lawsuit, Plaintiffs' federal takings claim is not ripe under established standards of prudential ripeness and should be dismissed.

### 2. Supplemental Jurisdiction and Plaintiffs' Remaining Claims

Plaintiffs' remaining claims also should be dismissed. The federal Declaratory Judgment Act does not independently confer federal subject matter jurisdiction on the court, and Plaintiffs' complaint fails to allege any claim "arising under" federal law aside from their Fifth Amendment takings claim. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950); *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983); 28 U.S.C. § 1331 (granting district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

States."). Plaintiffs, however, attempt to avoid dismissal by proposing to add a Fourteenth Amendment substantive due process claim to their federal action. For the reasons stated below, the proposed amendment is futile and, thus, does not save Plaintiffs' federal claims.

Additionally, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, which allege an unconstitutional taking under the Oregon Constitution, tortious interference with economic relations, negligence, and breach of fiduciary duty. For reasons of "economy, convenience, fairness, and comity," the Court views the state court as the proper decision making body over these claims involving Oregon law. 28 U.S.C. § 1367(c) (court may decline to exercise supplemental jurisdiction when claim raises "novel or complex issue of State law" or it "has dismissed all claims over which it has original jurisdiction"); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (commenting that values of economy, convenience, fairness, and comity inform the decision to decline to exercise supplemental jurisdiction over state law claims).

Westland's incorrect view that the Court lacks subject matter jurisdiction over Plaintiffs' takings claim under the Fifth Amendment infects Westland's analysis of the Court's supplemental jurisdiction over Plaintiffs' remaining claims. Because the Court does not lack subject matter jurisdiction, it may assert supplemental jurisdiction over Plaintiffs' state claims under 28 U.S.C. § 1367(a). The Court, however, declines to do so under 28 U.S.C. §1367(c). Retaining Plaintiffs' state claims while sending Plaintiffs' federal claim to state court would result in an unhelpful and inefficient splitting of Plaintiffs' causes of action. A federal court generally should not consider a landowner's state claims, while a state court is considering the landowner's federal takings claim. Finally, because the Court declines to exercise supplemental

jurisdiction over Plaintiffs' remaining claims, the Court declines to opine on Westland's

discretionary immunity argument based on Or. Rev. Stat. § 30.265(6)(c).

## B.  Plaintiffs' Motion to Amend[1]

Plaintiffs move to amend their complaint to add a claim that Westland has violated

Plaintiffs' right to substantive due process under Fourteenth Amendment. Plaintiffs allege that

Westland's misappropriation of water, through the use of improper means, unconstitutionally

deprives Plaintiffs of a property interest. Specifically, Plaintiffs propose the following additional

allegations:  (1) Plaintiffs have demanded that Westland stop its unlawful delivery and

accounting practices; (2) Westland insists its practices are legal and refuses to stop those

practices; and (3) Westland's continued actions will constitutionally deprive Plaintiffs of their

protected property rights and should be enjoined.

Generally, parties should be permitted to amend their pleadings. When, however, the

amended complaint would be subject to immediate dismissal, allowing amendment would be an

"exercise in futility[.]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998);

*Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself,

justify the denial of a motion for leave to amend."). An amendment is futile when "no set of facts

can be proved under the amendment to the pleadings that would constitute a valid and sufficient

claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 2017 WL 361934, at *6 (9th

Cir. Jan. 17, 2017) (citation omitted).

---

[1] Based on Westland's erroneous assumption that the Court lacks subject matter jurisdiction, Westland argues that the Court may not even consider Plaintiffs' motion to amend, relying on *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988). That case supports the conclusion that a motion to amend may not be granted when subject matter jurisdiction is lacking at the time a complaint is filed. This is not the case, here, however. Thus, *Morongo* offers no assistance to Westland, and the Court considers the merits of Plaintiffs' motion to amend.

Plaintiffs' proposed amendment is futile, however, because they fail to allege a viable substantive due process claim. "[T]he Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decision-making in this unchartered area are scarce and open-ended." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992). Although there is no "'blanket prohibition' of all property-related substantive due process claims[,]" *Action Apartment Association, Inc. v. Santa Monica Rent Control Board*, 509 F.3d 1020, 1025 (9th Cir. 2007), Plaintiffs must allege facts that Westland engaged in an action "that is 'so arbitrary or irrational that it runs afoul of the Due Process Clause.'" *Shanks v. Dressel,* 540 F.3d 1082, 1087 (9th Cir. 2008) (quoting *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 542 (2005)); *Crown Point Dev., Inc. v. City of Sun Valley,* 506 F.3d 851,855 (9th Cir. 2007) (discussing viable substantive due process claims as those that request protection from governmental action that serves no legitimate governmental purpose, or that is arbitrary, unreasonable, and lacking in any substantial relation to the public health, safety, or general welfare); *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.3d 1398, 1407 (9th Cir. 1989) ("To establish a violation of substantive due process, the plaintiffs must prove that the government's action was 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.'"), overruled on other grounds by *Armendariz v. Penman*, 75 F.3d 1311, 1324-26 (9th Cir. 1996).

Plaintiffs fail adequately to plead a substantive due process claim. Plaintiffs complain about Westland's allocation of water rights contrary to Oregon law, Westland's poor accounting practices and lack of transparency, withholding of public information, and general lack of responsiveness. These allegations fall short of "a sudden change in course, malice, bias, pretext or, indeed, anything more than a lack of due care[.]" *See Shanks,* 540 F.3d at 1089. Further,

Plaintiffs do not plead allegations sufficient to show that Westland acted in a way completely untethered from a legitimate governmental interest in public health, safety, or welfare.

Plaintiffs argue that their demand for injunctive relief sufficiently distinguishes their substantive due process claim from their Fifth Amendment takings claim seeking just compensation. The Fifth Amendment takings clause is intended to "secure *compensation* in the event of otherwise proper interference," while "[n]o amount of compensation can authorize" an impermissible government action that, for example, "fails to meet the 'public use' requirement or is so arbitrary as to violate due process." *Lingle*, 544 U.S. at 537, 543. Here, however, Plaintiffs have not met their "exceedingly high burden" to show that Westland "behaved in a constitutionally arbitrary fashion." *Shanks*, 540 F.3d at 1088, 1089 ("Official decisions that rest on an erroneous legal interpretation are not necessarily constitutionally arbitrary"); *Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1058 (9th Cir. 2012) (discussing the "exceedingly high burden" and the need to show "egregious official conduct"). Accordingly, the Court denies Plaintiffs' motion to amend on the basis that the proposed amendment would be futile.

## CONCLUSION

Defendant's Motion to Dismiss (ECF 9) is GRANTED. Plaintiffs' Motion for Leave to File First Amended Complaint (ECF 13) is DENIED. Defendant's Motion to Stay Discovery (ECF 10) is DENIED AS MOOT.

**IT IS SO ORDERED**.

DATED this 20th day of March, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge